**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE PEINADO, | No. C-11-1799 EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |
| CITY AND COUNTY OF SAN FRANCISCO, | **(Docket Nos. 16-17)** |
| Defendant. | |
| _____/ | |

## I.    INTRODUCTION

Plaintiff Rene Peinado filed a complaint on April 13, 2011 against Defendants the City and County of San Francisco (the "City") and Elias Georgopoulos asserting four causes of action under 42 U.S.C. § 1983 for (1) unreasonable search and seizure; (2) malicious prosecution; (3) violation of First Amendment rights; and (4) a *Monell* claim.  Compl., Docket No. 1.  The City now moves to dismiss the Complaint on the grounds that it was not filed within the applicable statute of limitations and not served within the period of time allowed for service.  *See* Def.'s Mot., Docket No. 16.  For the reasons stated herein, the Court **GRANTS** in part and **DENIES** in part the City's motion.

## II.    FACTUAL & PROCEDURAL BACKGROUND

Plaintiff alleges in his complaint that on or about March 23, 2005, Georgopoulos, a parking control officer for the San Francisco Municipal Transportation Agency, falsely accused Plaintiff of committing assault and battery against Georgopoulos with Plaintiff's vehicle.  Compl., Docket No. 1, ¶ 11.  As a result of this false accusation, Plaintiff was arrested on March 25, 2005, placed in jail,

**United States District Court**

For the Northern District of California

1   and subsequently charged with assault and battery.  *Id.*; *see* Pl.'s Opp'n, Docket No. 21, Ex. A.[1]

2   Plaintiff was arraigned on April 1, 2005, at which time he pled not guilty to the charges against him.

3   Pl.'s Opp'n, Docket No. 21, Ex. A.  Plaintiff was acquitted of all charges on April 14, 2009.

4   Compl., Docket No. 1, ¶ 11; Pl.'s Opp'n, Docket No. 21, Ex. A.

5                                   **III.   DISCUSSION**

6   A.      Legal Standard

7           Under Federal Rules of Civil Procedure, Rule 12(b)(6), a party may move to dismiss based

8   on the failure to state a claim upon which relief may be granted.  *See* Fed. R. Civ. P. 12(b)(6).  A

9   motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged.  *See*

10  *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  In considering such a motion,

11  a court must take all allegations of material fact as true and construe them in the light most favorable

12  to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are

13  insufficient to avoid a Rule 12(b)(6) dismissal."  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir.

14  2009).  While "a complaint need not contain detailed factual allegations . . . it must plead 'enough

15  facts to state a claim to relief that is plausible on its face.'"  *Id.*  "A claim has facial plausibility when

16  the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

17  defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see*

18  *also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  "The plausibility standard is not akin to

19  a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted

20  unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

21          As § 1983 is silent on statutes of limitations, federal courts look to the underlying state law

22  for guidance.  *See* 42 U.S.C. § 1988(a).  The statute of limitations for § 1983 claims arising in

23  California is two years.  *See Maldonado v. Harris*, 370 F.3d 945, 954-55 (9th Cir. 2004).  Unlike the

24  length of the statute of limitations period, the accrual of a § 1983 claim is a question of federal law.

25

26  _____

27      [1]  The Court takes judicial notice of the docket report for Plaintiff's criminal case attached as
     Exhibit A to his opposition to the City's motion to dismiss.  In ruling on a 12(b)(6) motion, a court
28  may take judicial notice of undisputed matters of public record, including documents on file in
     federal or state courts.  *See Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

**United States District Court**
For the Northern District of California

1  *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  Tolling, on the other hand, generally follows state law

2  principals.  *See Wallace*, 549 U.S. at 394.

3  B.  <u>Individual Claim Analysis</u>

4      1.  <u>Unreasonable Search and Seizure (First Cause of Action)</u>

5      Plaintiff's first cause of action for unreasonable search and seizure ostensibly refers to his

6  arrest and imprisonment.  *See* Compl., Docket No. 1, ¶¶ 16-19.  Under federal law, a claim for false

7  arrest and imprisonment accrues when an individual's imprisonment ends or when he becomes

8  detained pursuant to legal process, such as when he is arraigned on charges.  *See Wallace*, 549 U.S.

9  at 388-90.  Here, Plaintiff's first cause of action thus accrued, at the latest, at his April 1, 2005

10  arraignment.  *See* Pl.'s Opp'n, Docket No. 21, Ex. A.

11      There is no applicable tolling provision in state law for Plaintiff's unreasonable search and

12  seizure cause of action.  While the statute of limitations for filing an action against a public entity

13  based upon the conduct of a "peace officer" is tolled pursuant to California Government Code

14  section 945.3 ("section 945.3 ") while criminal charges are pending before a superior court,

15  Plaintiff's claims are based upon the conduct of a *parking control officer*.  *See* Compl., Docket No.

16  1, ¶ 6.  The California Penal Code narrowly and specifically defines a "peace officer."  *See* Cal.

17  Penal Code §§ 830-831.7 (providing exclusive definition of "peace officer" within meaning of

18  California law); *Serv. Employees Int'l Union v. City of Redwood City*, 32 Cal. App. 4th 53, 60

19  (1995) ("the Legislature intended to grant peace officer status . . . subject to carefully prescribed

20  limitations and conditions").  A parking officer is not included in that definition.  *See* Cal. Penal

21  Code §§ 830-831.7 (no mention of parking officers); *cf.* Cal. Penal Code §§ 830.14 (fare inspection

22  conductors are "public officers," not "peace officers"), 831.4 (even sheriff's or police security

23  officer are "public officers," not "peace officers").  Furthermore, the Penal Code requires, at a

24  minimum, that all peace officers satisfactorily complete an introductory course of training prescribed

25  by the Commission on Peace Officer Standards and Training (POST).  Cal. Penal Code § 832.

26  Parking control officers are not required to complete POST training, and thus do not fall within the

27  Penal Code's definition of a "peace officer."  *See* 8214 Parking Control Officer Examination

28  Announcement, http://www.jobaps.com/sf/sup/BulPreview.asp?R1=CBT&R2=8214&R3=M00001

**United States District Court**
For the Northern District of California

1    (opened Sept. 12, 2012) (last visited Dec. 19, 2012) (training program for parking control officers

2    consists solely of two weeks of classroom instruction, one week of vehicle training, and completion

3    of a mentoring program, and does not include POST training).[2]  Thus, section 945.3 does not toll

4    Plaintiff's first cause of action.  *Cf. Damjanovic v. Ambrose*, 3 Cal. App. 4th 503, 510-11 (1992)

5    (Cal. Gov. Code § 945.3 does not apply to non-peace officer defendants charged with false arrest).

6    Plaintiff has not identified any other potentially applicable tolling provision, nor is any apparent

7    from the facts alleged.  Absent tolling, the statute of limitations for Plaintiff's first cause of action

8    expired, at the latest, on April 1, 2007, two years after Plaintiff's arraignment.

9        2.    <u>Malicious Prosecution (Second Cause of Action)</u>

10       Plaintiff's second cause of action is for malicious prosecution under § 1983.  Following the

11   Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), the Ninth Circuit has

12   recognized that malicious prosecution claims brought under § 1983 accrue upon favorable

13   termination of the underlying criminal proceeding.  *See Cabrera v. City of Huntington Park*, 159

14   F.3d 374, 382 (9th Cir. 1998) (plaintiff's "malicious prosecution claim did not accrue until his

15   acquittal"); *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1060 n.11 (9th Cir. 2002) ("a claim

16   of malicious prosecution does not accrue until the plaintiff is acquitted, because acquittal is an

17   element of the claim").

18       At the hearing in this matter, the City urged that, pursuant to the Supreme Court's more

19   recent decision in *Wallace v. Kato*, 549 U.S. 384 (2007), the statute of limitations for a malicious

20   prosecution cause of action under § 1983 accrues upon commencement of the underlying criminal

21   proceeding.  However, in *Wallace* the plaintiff specifically did *not* bring a claim for malicious

22   prosecution, but rather for false arrest and imprisonment.  *Id.* at 390 n.2.  The Court specifically

23   distinguished a claim for unlawful detention from the "'entire district' tort of malicious

24   prosecution."  *Id.* at 390.  The Court held that a claim for false arrest accrues when the allegedly

25

26       ────────────────────

27       [2]  The Court takes judicial notice of the Parking Control Officer examination announcement
as a matter of public record not subject to reasonable dispute.  *Cf. Wilbur v. Locke*, 423 F.3d 1101,
1112 (9th Cir. 2005) (Federal Rule of Evidence 201 permits judicial notice of records of public

28   entities), *abrogated on other grounds by Levin v. Commerce Energy, Inc.*, 130 S. Ct. 2323, 2329,
2337 (2010).

United States District Court

For the Northern District of California

1  false imprisonment ends; *i.e.*, when the victim is released or becomes held pursuant to legal process,

2  such as when the petitioner was bound over for trial by a magistrate.  The Court did not address

3  when a cause of action for malicious prosecution accrued.  Although the Court noted it had never

4  explored the contours of a Fourth Amendment malicious prosecution suit under § 1983 (*id.* at 390,

5  n.2), the Court noted it had analogized the suit in *Heck v. Humphrey* to "one for malicious

6  prosecution; an element of which is the *favorable termination* of criminal proceedings."  *Id.* at 392

7  (emphasis added).

8        Consistent with *Wallace*, subsequent decisions have continued to recognize  that a malicious

9  prosecution claim brought pursuant to § 1983 does not accrue until favorable termination of the

10  underlying criminal proceeding.  *See, e.g.*, *Paris v. City of Elkhart*, 614 F.3d 677, 682 (7th Cir.

11  2010) ("the tort of malicious prosecution is not complete until a conviction occurs and that

12  conviction has been overturned, and therefore the statute of limitations for malicious prosecution

13  does not begin to accrue until that time."); *Mondragon v. Thompson*, 519 F.3d 1078, 1083 (10th Cir.

14  2008) ("Because the statute of limitations does not start running before the elements of a claim are

15  satisfied, the statute of limitations for this due process claim [for malicious prosecution] cannot start

16  until the plaintiff has achieved a favorable result in the original action.").

17        In this instance, where Plaintiff's second cause of action is simply a claim for malicious

18  prosecution pursuant to § 1983, *Wallace* does not mandate an accrual date earlier than Plaintiff's

19  acquittal; in fact, it supports the conclusion that the claim did not accrue until the case was favorably

20  terminated.  The criminal proceedings allegedly terminated in Plaintiff's favor on April 14, 2009.

21  *See* Pl.'s Opp'n, Docket No. 21, Ex. A.  As he filed his complaint within two years of this date, on

22  April 13, 2011, his second cause of action is not barred by the statute of limitations.

23        3.    First Amendment Retaliation (Third Cause of Action)

24        Plaintiff's third cause of action alleges that his arrest and prosecution were in retaliation for

25  the exercise of his rights under the First Amendment, and thus consists of two sub-claims for

26  retaliatory arrest and retaliatory prosecution.  *See* Compl., Docket No. 1, ¶¶ 26-29.  Like his claim

27  for false arrest and imprisonment, Plaintiff's retaliatory arrest sub-claim accrued, at the latest, on

28  April 1, 2005.  *See* Pl.'s Opp'n, Docket No. 21, Ex. A.  Similarly, as it is based on the conduct of a

**United States District Court**

For the Northern District of California

1    parking control officer, not a "peace officer" within the meaning of the law, it is not subject to the

2    tolling provision at California Government Code section 945.3, and thus was not timely filed within

3    the applicable statute of limitations.

4          On the other hand, there is a split in authority as to whether a First Amendment retaliatory

5    prosecution cause of action accrues at the commencement or termination of such prosecution.

6    *Compare Mata v. Anderson*, 685 F. Supp. 2d 1223, 1247-49, 1262-65 (D.N.M. 2010) (holding that

7    retaliatory prosecution claim accrues as soon as plaintiff has reason to know of prosecution) *with*

8    *Haagensen v. Penn. State Police*, No. 08-727, 2009 WL 790355, at *4 (W.D. Penn. Mar. 25, 2009)

9    (concluding that "First Amendment retaliatory prosecution claim did not accrue until the charges

10   against her had been dismissed").

11         Here, however, the Court need not determine when Plaintiff's retaliatory prosecution claim

12   accrued as he does not plead sufficient facts to support either a retaliatory arrest or a retaliatory

13   prosecution cause of action.  To prevail in a retaliatory arrest or prosecution cause of action, a

14   plaintiff must demonstrate that "the officials secured his arrest or prosecution without probable

15   cause and were motivated by retaliation against the plaintiff's protected speech . . . ."  *Beck v. City of*

16   *Upland*, 527 F.3d 853, 864 (9th Cir. 2008).  Here, Plaintiff's complaint does not allege any such

17   retaliation for protected speech.  *See* Compl., Docket No. 1, ¶¶ 9-12.  Rather, he alleges that he was

18   arrested because Defendant Georgopoulos falsely accused him of committing assault and battery.

19   *Id.* ¶ 11.  Thus, his third cause of action, as pled, fails on the merits.

20         4.    *Monell* Claim (Fourth Cause of Action)

21         Plaintiff's fourth cause of action simply states the basis for holding the City liable for the

22   constitutional violations alleged in his first three causes of action.  As the first and third causes of

23   action are barred by the statute of limitations and Plaintiff's failure to state a claim, so, too, is the

24   *Monell* claim, to the extent it incorporates those two causes of action.

25         The second cause of action, for malicious prosecution, is not barred by the statute of

26   limitations, as discussed above.  Defendant has raised no other specific defense to Plaintiff's

27   malicious prosecution cause of action or the City's liability for such malicious prosecution pursuant

28

United States District Court

For the Northern District of California

1 | to *Monell*. *See* Def.'s Mot., Docket No. 16. Thus, the Court does not dismiss the fourth cause of

2 | action to the extent it derives from Plaintiff's malicious prosecution.

3 | C.    <u>Service of Complaint</u>

4 |         The City also argues that Plaintiff's complaint should be dismissed due to his failure to serve

5 | it until more than a year after its filing. *See* Def.'s Mot., Docket No. 16, at 2:21-28. Plaintiff filed

6 | his complaint on April 13, 2011, but did not serve it on the City until October 4, 2012, 540 days

7 | later. *See* Compl., Docket No. 1; Proof of Service, Docket No. 15. Plaintiff does not address this

8 | argument in his opposition brief. *See* Docket No. 21.

9 |         Federal Rules of Civil Procedure, Rule 4(m) provides that "[i]f a defendant is not served

10 | within 120 days after the complaint is filed, the court – on motion or on its own after notice to the

11 | plaintiff – must dismiss the action without prejudice against that defendant or order that service be

12 | made within a specified time." "Complaints are not to be dismissed if served within 120 days, or

13 | within such additional time as the court may allow." *Henderson v. U.S.*, 517 U.S. 654, 663 (1996).

14 | Here, after 120 days had transpired, the Court extended the time in which Plaintiff could serve the

15 | City on December 22, 2011 (Docket No. 10), April 11, 2012 (Docket No. 12), and July 9, 2012

16 | (Docket No. 13). Plaintiff complied with the last extension, which required he serve Defendant by

17 | October 5, 2012. *See* Minute Entry, Docket No. 13; Compl., Docket No. 1.

18 |         Beyond the fact that Plaintiff complied with the Court's ultimate extension of the time in

19 | which to serve the complaint, there are no equitable grounds for granting the City's motion to

20 | dismiss on the basis of Plaintiff's delay. Plaintiff is representing himself *pro se*, which "entitles him

21 | to a certain degree of leniency so as to ensure that his case is justly resolved on its merits rather than

22 | on the basis of procedural technicalities to the extent possible." *See Poulakis v. Amtrak*, 139 F.R.D.

23 | 107, 109 (N.D. Ill. 1991). Moreover, the City has made no argument suggesting it was prejudiced

24 | by such delay. *See* Def.'s Mot., Docket No. 16, at 2:21-28; *see also Rice v. Scudder Kemper*

25 | *Investments, Inc.*, No. 01 Civ. 7078(RLC), 2003 WL 174243, at *2 (S.D.N.Y. Jan. 27, 2003)

26 | (approving extension where plaintiff was not represented by counsel throughout 120 day period and

27 | defendant's claim of prejudice was unsupported). Thus, the Court declines to dismiss the complaint

28 | on the grounds of untimely service.

**V.   <u>CONCLUSION</u>**

As Plaintiff filed his complaint within the applicable statute of limitations for his malicious prosecution cause of action and related *Monell* claim, Plaintiff complied with the Court's ultimate extension of time in which to serve his complaint, and the City has not demonstrated any prejudice resulting from such delay in service, the Court **DENIES** the City's motion to dismiss these claims. As Plaintiff did not file his complaint within the applicable statute of limitations for his unreasonable search and seizure, First Amendment retaliatory arrest, and related *Monell* claims, the Court **GRANTS** the City's motion to dismiss these claims.  Lastly, as Plaintiff does not plead sufficient facts to support a claim for retaliatory arrest, retaliatory prosecution, or the related *Monell* claims, the Court **GRANTS** the City's motion to dismiss these claims.

Plaintiff has not yet amended his complaint.  Thus, the Court's dismissal is without prejudice and with leave to amend.  However, he should not re-assert the claims dismissed unless he has a basis for doing so consistent with Fed. R. Civ. P. 11.  Plaintiff has thirty days from the date of this order in which to file a first amended complaint should he choose to do so.

This order disposes of Docket Nos. 16 and 17.


IT IS SO ORDERED.


Dated:  January 15, 2013

_____
EDWARD M. CHEN
United States District Judge